**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Orlando REYES–PACHON,**
**Defendant–Appellant.**

No. 04–50895.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 27, 2006.

Mark Randolph Stelmach, Assistant U.S. Attorney, Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM: *

Orlando Reyes–Pachon (Reyes) appeals his conviction and sentence following his plea of guilty to illegally reentering the United States after having been deported. Citing *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he argues that the district court erred in increasing his criminal history, pursuant to U.S.S.G. § 4A1.1(e), based on the conclusion that at the time of his illegal reentry, he had been released from custody for less than two years. Reyes also argues that the district court committed *"Fanfan* error" when it sentenced him pursuant to a mandatory guideline system. Because we conclude that the district court committed *"Fanfan* error" when it sentenced Reyes pursuant to a mandatory guideline system, *see United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.) *cert. denied*, —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005), we decline to address Reyes's argument that the application of § 4A1.1(e) amounted to *Booker* error. *See United States v. Akpan*, 407 F.3d 360, 377 n. 62 (5th Cir.2005).

This court reviews a preserved *Fanfan* challenge for harmless error. *United States v. Walters*, 418 F.3d 461, 463 (5th Cir.2005). The Government has not met its burden of demonstrating that the district court would have imposed the same sentence absent its mandatory application of the Sentencing Guidelines. *See United States v. Pineiro*, 410 F.3d 282, 286 (5th Cir.2005); *United States v. Garza*, 429 F.3d 165, 170 (5th Cir.2005). Accordingly, we remand the case for the district court to decide whether resentencing will be appropriate.

Reyes's constitutional challenge to the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Reyes contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Reyes properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED BUT REMANDED FOR THE DISTRICT COURT TO DECIDE WHETHER TO RESENTENCE.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.